IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RAYMOND W. ACCOLLA | : | |
| --- | --- | --- |
| | : | No. 08-839 |
| Plaintiff, | : | |
| | : | (District Judge John E. Jones III) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| UNITED STATES, et. al, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**April 28, 2009**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Rec. Doc. 20) which recommends that the Motion for Default Judgment filed by Plaintiff Raymond W. Accolla ("Accolla") (Rec. Doc. 17) be denied. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by January 5, 2009. To this date, none have been filed.

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   BACKGROUND

Plaintiff Accolla, a former inmate at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill"), filed this *pro se* Bivens[2] civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff also filed with his civil rights action a tort claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Id.). On December 12, 2008, we adopted the R&R of Magistrate Judge Blewitt that recommended the dismissal of

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).

2

all of Plaintiff's claims except his Bivens claims against Defendants Hendershot and Hubble and his FTCA claim against the United States, which was based on events occurring during his incarceration at FCI-Schuylkill.

On December 8, 2008, Plaintiff filed a Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55, against the three remaining Defendants, Dr. Hendershot, P.A. Hubble, and the United States. (Rec. Doc. 17). Through a well-reasoned R&R dated December 18, 2008, Magistrate Judge Blewitt recommended that we deny the Motion for Default. (Rec. Doc. 20).

As we have already mentioned, the Plaintiff has failed to file objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice.[3] An appropriate order will enter.

---

[3] We note that since the filing of the instant R&R, Plaintiff has filed numerous motions on the docket. In denying the Default Motion and remanding this matter to Magistrate Judge Blewitt, we will specifically enumerate these motions so that Plaintiff is aware that the Magistrate Judge now has jurisdiction over the issues expressed therein.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND W. ACCOLLA, | : | CIVIL ACTION NO. **4:CV-08-0839** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On May 6, 2008, Plaintiff Raymond W. Accolla, formerly an inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"),[1] filed, *pro se*, this *Bivens*[2] civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 1). Plaintiff also jointly filed with his civil rights action a tort claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (*Id.*). Plaintiff filed two *in forma pauperis* Motions. (Docs. 3 and 6). Plaintiff also filed a Memorandum of Law on May 6, 2008. (Doc. 2).

On June 5, 2008, the undersigned screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), and we issued a Report and Recommendation ("R&R") wherein we recommended that all of the Defendants, with the exception of Dr. Hendershot and P.A.

---

[1] Plaintiff was transferred from Westchester County Jail to FCI-Schuylkill sometime in 2005, and he was already infected with MRSA when he arrived at FCI-Schuylkill. (Doc. 1, p. 3). Plaintiff is currently an inmate at LSCI-Butner, NC.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Hubble, be dismissed with respect to Plaintiff's Eighth Amendment claims for denial of proper medical care. We recommended that Plaintiff's Eighth Amendment claims against Defendants Dr. Hendershot and P.A. Hubble should be allowed to proceed. In addition, we recommended that Plaintiff's tort claim under the FTCA be allowed to proceed against Defendant United States only with respect to his negligent medical care claims which arose at FCI-Schuylkill. (Doc. 10).

On December 12, 2008, the District Court adopted our R&R. (Doc. 18). Plaintiff was allowed to proceed with respect to his stated *Bivens* claims against Dr. Hendershot and P.A. Hubble and with respect to his FTCA claim against the United States which arose during his incarceration at FCI-Schuylkill.

On December 8, 2008, Plaintiff filed a Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55, as against the three remaining Defendants, Dr. Hendershot, P.A. Hubble, and the United States. Plaintiff attached a support Memorandum to his Motion. (Doc. 17).

**II. Discussion.**

We shall recommend that Plaintiff's Motion be denied as premature, since none of the three remaining Defendants have yet been served with Plaintiff's Complaint. The District Court just recently remanded this case to the undersigned on December 12, 2008, and we have not yet granted Plaintiff's *in forma pauperis* Motions and directed the Clerk of Court to issue the Summons and to serve the remaining three Defendants. Once service is completed, the Defendants will then have 60 days to respond to Plaintiff's Complaint. This 60-day time period has not yet commenced, since Defendants were not served as of the date Plaintiff filed his Motion.

Moreover, Plaintiff's Motion for Default Judgment is not in compliance with Fed. R. Civ. P. 55(a). We do not find in the record that default has yet been entered as against Defendants Hendershot, Hubble and the United States in this case due to their failure to plead, and due to their failure to defend Plaintiff's claims against them. As stated, we have not yet issued an Order directing the Clerk of Court to serve these Defendants with Plaintiff's pleading. Thus, to date, no response by these Defendants is due to the pleading. We find that, despite the filing of the Motion for Default Judgment by the Plaintiff due to the failure to respond to his May 6, 2008 Complaint by the stated three Defendants, the Defendants must first be properly served with Plaintiff's Complaint and then, if they fail to timely respond, Plaintiff must file a request for the Clerk of Court to enter default as against Defendants under Rule 55(a), along with an affidavit, due to their failure to "otherwise defend" themselves. See *Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 2 (M.D. P.a 2007).

The *Rhino* Court in 2008 WL 144454, *1 (M.D. Pa.), stated:

> An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2). See *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.App'x 519, 521 n. 1 (3d Cir. 2006). An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). FN 7
>
> > FN 7. See *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n. 1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); see also *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992).

Plaintiff has not shown that the entry of default under Rule 55(a) as against Defendants is warranted due to the fact that they have not yet been served with his Complaint and the Summons. Also, we have not yet directed the Clerk of Court to properly serve these Defendants with Plaintiff's Complaint. After we direct the Clerk of Court to properly serve Defendants, if they fail to timely defend, Plaintiff can then file with the Clerk of Court his request for entry of default against Defendants under Rule 55(a).

Accordingly, we will recommend that Plaintiff's Motion for Default Judgment **(Doc. 17)** be denied as premature.[3]

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for Default Judgment **(Doc. 17)** be denied as premature.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 17, 2008

---

[3] In order to keep this case moving forward in a timely fashion, we have issued an Order granting Plaintiff's *in forma pauperis* Motions (Docs. 3 and 6) and directing the Clerk of Court to issue the Summons and to serve the three remaining Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND W. ACCOLLA, | : | CIVIL ACTION NO. **4:CV-08-0839** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| United States, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                          s/ Thomas M. Blewitt
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

Dated: December 17, 2008