IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND W. ACCOLLA, | : | |
| | : | 4:08-cv-839 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| UNITED STATES, et al., | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## October 29, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 63), filed on July 8, 2009, which recommends that we grant the Defendants Motion for Summary Judgment. Plaintiff Raymond W. Acccolla ("Plaintiff" or "Accolla") filed objections to the report (Doc. 67) on September 3, 2009. The Defendants filed an opposition to the Plaintiff's objections (Doc. 68) on September 15, 2009. Plaintiff filed a response to the Defendant's opposition (Doc. 69) on September 25, 2009. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's , grant the Defendants' Motion for Summary Judgment, and close this case.

1

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. PROCEDURAL BACKGROUND

On May 6, 2008, Plaintiff, formerly an inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"), filed this *pro se Bivens*[1] civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 1). Plaintiff also jointly filed with his civil rights action a tort claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1, p. 1).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

On June 5, 2008, Magistrate Judge Blewitt screened the Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), and issued a R&R (Doc. 10) wherein it was recommended that all of the Defendants, with the exception of Dr. Hendershot and P.A. Hubble, be dismissed with respect to Plaintiff's Eighth Amendment claims for denial of proper medical care. It was also recommended that Plaintiff's Eighth Amendment claims against Defendants Dr. Hendershot and P.A. Hubble be allowed to proceed and that Plaintiff's tort claim under the FTCA be allowed to proceed against Defendant United States only with respect to his negligent medical care claims which arose at FCI-Scuylkill. On December 12, 2008, we adopted the R&R in full. (Doc. 18).

On December 8, 2008, Plaintiff filed a Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55, as against the three remaining Defendants, Dr. Hendershot, P.A. Hubble and the United States. (Doc. 17). On December 17, 2008, Magistrate Judge Blewitt issued a R&R recommending that the Plaintiff's Motion for a default Judgment be denied as premature. (Doc. 20). We adopted the R&R in its entirety on April 28, 2009. (Doc. 51).

On March 16, 2009, Defendants Dr. Hendershot, P.A. Hubble and the United States filed a Motion to Dismiss, or in the alternative, Motion for Summary

Judgment, with a Brief in Support and a Statement of Material Facts ("SMF"). (Docs. 26, 30, and 31). Plaintiff filed an Opposition Brief on March 30, 2009. (Doc. 37). Defendants then filed a Reply brief on April 10, 2009. (Doc. 41). On April 23, 2009, without leave of Court, Plaintiff filed a second Opposition Brief and a Response. (Docs. 46-47).

On July 8, 2009, Magistrate Judge Blewitt issued the instant R&R for our consideration today. (Doc. 63). Within this R&R, Magistrate Judge Blewitt considered Defendant's Motion to Dismiss or for Summary Judgment as well as Defendant's Motion for a Protective Order (Doc. 48), Plaintiff's Motion for Final Decision on Exhaustion (Doc. 35), Motion to Compel Subpoena (Doc. 32), Motion to Compel Discovery (Doc. 43) and Motion to Subpoena Deponents. (Doc. 44). As noted *supra*, Magistrate Judge Blewitt, construing the Defendant's Motion as one for Summary Judgment, recommended the Motion be granted and all other pending motions be denied as moot.

## III.  ALLEGATIONS OF THE COMPLAINT

Within the June 5, 2008 R&R (Doc. 10) and July 8, 2009 R&R (Doc. 63) issued by Magistrate Judge Blewitt, there is a full exposition of the facts alleged by Plaintiff in this case. We have reviewed the Plaintiff's allegations and are fully familiar with their content. Accordingly, we shall not endeavor to recite them here,

4

and shall attach a copy of the Magistrate Judge's July 8, 2009 R&R for the parties' reference. (Doc. 63, p. 3-5).

## IV. DISCUSSION

Within the R&R, Magistrate Judge Blewitt recommends that we grant summary judgment in favor of the Defendants on both the Plaintiff's Eighth Amendment claim and his FTCA claim for failure to exhaust administrative remedies. We shall discuss the analysis of each claim and Plaintiff's objections in turn.

### A. <u>Eighth Amendment Claim:</u>

With respect to the Eighth Amendment claim, the Plaintiff failed to follow Bureau of Prisons ("BOP") policy pertaining to administrative remedies. BOP policy dictates that an inmate must first attempt an informal resolution with prison staff. (Doc. 31, p. 74, ¶ 571). If the informal attempt fails, the inmate must file the appropriate form, within twenty days of the injury, to the warden, who then has twenty days to respond. (Doc. 31, p. 74, ¶ 572-73). In response to an adverse decision by the warden, an inmate may appeal to the BOP Regional Director within twenty days of the warden's decision. (Doc. 31, p. 74, ¶ 574). Finally, the inmate may appeal an adverse decision by the BOP Regional Director within thirty calendar days of the Central Office of the BOP. (Doc. 31, p. 74-75, ¶ 575). An

exception is allowed to appeal a discipline hearing officer's decision, in which case an inmate may go directly to the Regional office. (Doc. 31, p. 75, ¶ 576). However, in this instance, there was no discipline hearing officer decision and the exception is inapplicable.

The Plaintiff's attempts at administrative relief for his complaints all skipped the initial stop of the process, i.e. he filed his complaints at the Regional Director level in the first instance. (Doc. 30, p. 15). This is contrary to BOP policy, and therefore Plaintiff did not exhaust his administrative remedies. As the Magistrate Judge noted, failure to exhaust is a threshold issue, and the merits of Plaintiff's claims against the Medical Defendants (Dr. Hendershot and P.A. Hubble) need not be analyzed. *See Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 2007); *Lasko v. Hendershot*, 2006 WL 2828787 (M.D. Pa.)

    B.    FTCA Claim

        1.    Exhaustion

An FTCA action cannot be filed until after all administrative remedies are exhausted. The FTCA's exhaustion requirement demands that an FTCA Plaintiff first present the claim in writing to the appropriate federal agency as an administrative tort claim. 28 U.S.C. § 2675(a). Once a "final denial" has been received by the plaintiff, a claim in federal court may be appropriately filed.

6

On November 27, 2007, Plaintiff filed an administrative tort claim, in which he made the same allegations contained in the instant complaint. (Doc. 30, p. 23). On February 20, 2008, Plaintiff supplemented his original administrative tort claim. (Doc. 31, ¶ 604). "Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of an amendment. (Doc. 30, p. 23 and Doc. 31, ¶ 605). Thus, the BOP had until August 20, 2008 to render a final decision with respect to Plaintiff's supplemented administrative tort claim. However, as noted by the Magistrate Judge, Plaintiff filed the instant action on May 6, 2008, a full three months prior to the time the BOP had to make its final disposition of Plaintiff's tort claim. In fact, May 6, 2008 is even prior to the expiration of the six month period that would have applied had Plaintiff never supplemented his claim.

    2.    <u>Certificate of Merit</u>

As noted by the Magistrate Judge, even had Plaintiff fully exhausted his administrative remedies with the BOP, his FTCA action would fail because he did not file a Certificate of Merit ("COM") as required by Pa. R. Civ. P. 1042.3(a). Rather than repeat the Magistrate Judge's thorough analysis on this point, we shall refer the parties to the Magistrate Judge's thorough recitation of the applicable

statutes and jurisprudence pertaining to the Certificate of Merit requirement. (Doc. 63, p. 13-17).

C. Plaintiff's Objections

Plaintiff's objections to the R&R are as follows:

1. Exhaustion is not required when litigating constitutional claims;

2. His administrative claim is not time-barred;

3. He properly responded to the defendants' Statement of Material Facts and that the medical records submitted by Defendants are false; and

4. Certificates of Merit are not required in *pro se* cases.

We shall address each of the Plaintiff's objections in turn.

First, the Plaintiff objects to the recommendations in the Magistrate Judge's R&R based on his assertion that he is not required to exhaust his administrative remedies because a federal prisoner suing solely for monetary damages, especially in a suit alleging constitutional violations, is not required to exhaust administrative remedies. This contention is, however, entirely mistaken, and is predicated on the Plaintiff's citation to case law that has been overruled by statute.

Specifically, the Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner asserting claims under *Bivens* to first exhaust all administrative remedies

available to him prior to filing an action in Court. *See* 42 U.S.C. § 1997e.

Specifically, 42 U.S.C. § 1997e states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is evident that, despite Plaintiff's contention to the contrary, exhaustion is mandatory. Accordingly, we shall adopt the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants on the Plaintiff's Eighth Amendment claim for failure to exhaust administrative remedies.

Second, Plaintiff objects to the R&R's disposition of his FTCA claim by arguing that his FTCA claim is not "time-barred." However, the R&R does not dispose of the Plaintiff's FTCA claim based on a statute of limitations bar. As discussed, *supra*, Plaintiff's FTCA claim fails for his failure to exhaust his administrative remedies prior to the filing of the instant action. In particular, Plaintiff filed is claim too soon after the filing of both his original administrative complaint and supplementation thereto. Accordingly, Plaintiff's objection is inapplicable to the reasoning of the R&R and thus the R&R's recommendation that summary judgment be granted in favor of the Defendants on the Plaintiff's FTCA shall be adopted in its entirety.

Third, Plaintiff asserts that he properly responded to the Defendants' SMF and therefore he objects to the Magistrate Judge's conclusion that the Defendants' all statements in the Defendants' SMF were to be admitted. Particularly, Magistrate Judge Blewitt noted that Plaintiff "fail[ed] to respond, paragraph by paragraph, to any of Defendants' SMF as required b Local Rule 56.1 M.D. Pa . . ." (Doc. 63). Plaintiff argues that the rule only requires him to respond to the numbered paragraphs in a concise, short statement, rather than respond paragraph by paragraph.

Defendants submitted 610 material facts that spanned eighty-one pages. Plaintiff's one page document in "response" to the Defendants SMF states: "Plaintiff disputes Statements Five (5) through One Hundred Seventy Two (172), as being false and untrue recordings concerning plaintiffs [*sic*] health condition and his treatment medically . . ." (Doc. 54, Ex. 2). It is evident to the Court that this "response" by Plaintiff falls woefully short of the requirements of Local Rule 56.1, which states, in pertinent part, "Statements of material facts . . . in opposition to a motion shall include references to the parts of the record that support the statements . . ." Plaintiff's response to, or rejection of, a portion of the Defendants' SMF have no record references and are just a flat denial of the facts. However, without record references, these denials have no impact and we find that the

Magistrate Judge correctly construed the Defendants' SMF to be admitted by Plaintiff.

Also meritless is Plaintiff's "objection" that the medical records submitted by the Defendants in support of their motion for summary judgment were "false." Plaintiff submits not evidence to support this contention and thus we shall reject it. Equally unavailing is Plaintiff's bald assertion, not supported by any statute or case law, that *pro se* plaintiffs are not required to file a Certificate of Merit in support of a medical malpractice claim. We shall overrule this objection and adopt the Magistrate Judge's conclusions with regards to the Plaintiff's failure to file a Certificate of Merit.

## V. CONCLUSION

Accordingly, we shall overrule the Petitioner's objections to the R&R and adopt the well-reasoned R&R in its entirety. We shall grant the Defendants' Motion for Summary Judgment (Doc. 26) and Judgment shall be entered in favor of Defendants and against Plaintiff. We shall deny as moot all additional pending motions. An appropriate order shall issue.